UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **JODI VANLERBERGHE,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**SIR HOME IMPROVEMENT INC.** a Michigan corporation,<br><br>*Defendant*. | Case No. 1:23-cv-00739<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Jodi Vanlerberghe ("Plaintiff Vanlerberghe" or "Vanlerberghe") brings this Class Action Complaint and Demand for Jury Trial against Defendant SIR Home Improvement Inc. ("Defendant" or "SIR Home Improvement") to stop the Defendant from violating the Telephone Consumer Protection Act ("TCPA") by making telemarketing calls to consumers without consent, including calls to phone numbers that are registered on the National Do Not Call registry ("DNC") and to consumers who have expressly requested that the calls stop. Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Vanlerberghe, for this Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## PARTIES

1. Plaintiff Vanlerberghe is a resident of Richland, Michigan.

1

2. Defendant SIR Home Improvement is a corporation registered in Michigan, with its headquarters located in Portage, Michigan. Defendant SIR Home Improvement conducts business throughout this District.

## JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction and venue is proper since Defendant has its headquarters in this District and the wrongful conduct giving rise to this case was directed from and into this District.

## INTRODUCTION

5. As the Supreme Court recently explained: "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, 1040 S. Ct. 2335, 2343 (2020).

6. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

7. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

8. The problems Congress identified when it enacted the TCPA have grown exponentially in recent years.

9. According to online robocall tracking service "YouMail," 5.1 billion robocalls were placed in May 2023 alone, at a rate of 164.0 million per day. www.robocallindex.com (last visited July 3, 2023).

10. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

11. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

12. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

13. SIR Home Improvement provides home improvement services to consumers in Southwest Michigan and Northern Indiana, including bathroom remodeling and window sales.[3]

14. SIR Home Improvement places solicitation calls to consumers to solicit its home improvement services and products.

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://www.linkedin.com/company/sir-home-improvement/about/

3

15. Unfortunately, some of these calls made by SIR Home Improvement are being placed to consumers without consent, including to consumers that registered their phone numbers on the DNC, as per Plaintiff's experience.

16. To make matters worse, SIR Home Improvement lacks a sufficient opt-out system to ensure that a consumer who notifies SIR Home Improvement to stop calling them will be removed from their calling list.

17. Many consumers have complained online about receiving unsolicited telemarketing calls from SIR Home Improvement, including from consumers who asked for the calls to stop, but who continue to receive calls, including:

- "I did not use them, and frankly will never, so I can not attest to the quality of work. I have however been *spammed multiple times, after asking to be taken off of the call list*. They do not remove you from the call list even after talking with the 'manager'"[4] (emphasis added)

- "*Constantly calling, even after I asked to be removed from their call list* and they said it wouldn't be a problem. Then when I do answer the call, they hang up on me!!!"[5] (emphasis added)

- "*I've told this company 3 times to stop calling my elderly parents as one of my parents has dementia.* I called my mom tonight & she said they called her to say they was coming to their home tomorrow to give a quote for home improvement. I'm so upset that I'm calling the police when they get to their home tomorrow. STOP taking advantage of the elderly. I hope the two hour drive is going to be worth it. I will have the police waiting. *How many times can you tell these people to stop calling !!!* Terrible that companies are out there like this."[6] (emphasis added)

- "I was looking on line for a glass block replacement window. The website said click here for an instant price. I did. Never got a price however the next 10 days I received a phone call about every 2 hours. *After about 6 calls I told them that I did not need their services, they continued to call.* They were so pesky I would never do business with them."[7] (emphasis added)

- "This company is extremely annoying. They have people call me at least a couple times per month asking if they can come out and do a quote on remodeling. *I have*

---

[4] https://www.google.com/search?q=sir+home+improvement
[5] *Id.*
[6] *Id.*
[7] *Id.*

4

- *told them to please quit calling and yet I still receive the calls.* They also use a call center where they send you a text message that says you have a package waiting to be delivered, so please call the number specified. When I called the number it was a call center that asked me if I wanted an Amazon gift card for SIR to come out and do a quote. SOUNDS LIKE SIR HOME IMPROVEMENTS IS DESPERATE FOR BUSINESS!"[8] (emphasis added)

- "SIR Home Improvement has been calling me daily for OVER A YEAR AND A HALF. I spoke to them briefly about a project that they then told me they could not complete for me. I have told them multiple times that I am not interested in their services and that the project has been completed. They call daily. *I have told them multiple times that I want to be removed from their call list and am still being flooded with calls.*"[9] (emphasis added)

- "This company has called me literally around 50 times in the past 2 months. I've answered about 6 of those calls. They say I filled out some form that I was interested in a bathroom remodel. Never did. I rent my home. *Each time I've answered, I've instructed them not to call me again. And yet the calls keep coming.* Sometimes twice a day. Stay far away from this company. If they're so willing to blatantly harass people illegally, who knows what other illegal practices they employ."[10] (emphasis added)

- "Sir did awesome work but they are now harassing calling g me everyday trying to get me to do more projects. *I have asked them to stop calling but they refuse. They just won't stop.* And they don't do the work I need done."[11] (emphasis added)

- "Don't ever allow these people into your home. I did once by mistake, told them I was not interested in their product. This was two years ago. *Since then I have been called by thier rep at least once a month even tho I have made it clear on several occasions not to call again.* They are a predatory company and will try to take advantage. Customer beware. Should be zero star."[12] (emphasis added)

18. In response to these calls, Plaintiff Vanlerberghe brings forward this case seeking injunctive relief requiring the Defendant to cease from violating the TCPA, as well as an award of statutory damages to the members of the Classes and costs.

---

[8] *Id.*
[9] https://www.bbb.org/us/mi/portage/profile/replacement-windows/sir-home-improvement-inc-0372-11000093/complaints
[10] https://www.bbb.org/us/mi/portage/profile/replacement-windows/sir-home-improvement-inc-0372-11000093/customer-reviews
[11] *Id.*
[12] *Id.*

5

## PLAINTIFF VANLERBERGHE'S ALLEGATIONS

19. Plaintiff Vanlerberghe registered her cell phone number on the DNC on October 21, 2010.

20. Plaintiff Vanlerberghe uses her cell phone number for personal use only as one would use a landline telephone number in a home.

21. The calls that Plaintiff Vanlerberghe received from Defendant SIR Home Improvement were all received more than 31 days after Plaintiff registered her cell phone number on the DNC.

22. In 2016, Plaintiff Vanlerberghe requested more information from the SIR Home Improvement website – sirhome.com.

23. Plaintiff Vanlerberghe provided her cell phone number to Defendant SIR Home Improvement.

24. Plaintiff Vanlerberghe received a call from a SIR Home Improvement employee to her cell phone regarding a quote for new windows. Plaintiff decided while speaking to the employee that she was not interested and declined the quote.

25. Plaintiff Vanlerberghe then received another call from SIR Home Improvement to her cell phone regarding a quote for new windows. This time, Plaintiff told the employee that she was not interested and asked not to be called again.

26. Despite Plaintiff's stop request, which took place in 2016, she has received many additional calls from Defendant SIR Home Improvement ever since.

27. In fact, SIR Home Improvement has called Plaintiff Vanlerberghe at least 12 times each year since Plaintiff first told SIR Home Improvement to stop calling her cell phone number.

28. Time and time again, Plaintiff Vanlerberghe has demanded that the unsolicited calls stop. She has specifically asked for her phone number to be removed from SIR Home Improvement's contact list, but the calls have continued.

29. For example, on June 21, 2023 at 3:22 PM, Plaintiff Vanlerberghe received an unsolicited telemarketing call to her cell phone from Defendant SIR Home Improvement, from 269-201-5884. This call was not answered.

30. On June 22, 2023 at 10:47 AM, Plaintiff received yet another unsolicited call from Defendant SIR Home Improvement to her cell phone, from 269-201-5884. Plaintiff answered this call.

31. An employee immediately began a sales pitch soliciting Defendant's services and products. Plaintiff Vanlerberghe interrupted the employee and demanded that SIR Home Improvement should stop calling her cell phone and hung up.

32. Plaintiff Vanlerberghe has never conducted business with SIR Home Improvement.

33. Plaintiff Vanlerberghe revoked whatever consent Defendant SIR Home Improvement had to call her cell phone back in 2016.

34. The unauthorized solicitation telephone calls that Plaintiff Vanlerberghe received from or on behalf of Defendant SIR Home Improvement have harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, occupied her phone line, and disturbed the use and enjoyment of her phone.

35. Seeking redress for these injuries, Plaintiff Vanlerberghe, on behalf of herself and Classes of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

36. Plaintiff Vanlerberghe brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Classes:

**Do Not Call Registry Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) SIR Home Improvement called more than one time, (2) within any 12-month period, (3) where the person's residential telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason Defendant called Plaintiff.

**Internal Do Not Call Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant SIR Home Improvement called more than one time on their residential telephone number, (2) within any 12-month period (3) for substantially the same reason Defendant called Plaintiff, (4) including at least once after the Defendant's records reflect the person requested that they stop calling.

37. The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff Vanlerberghe anticipates the need to amend the Class definition following appropriate discovery.

38. **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable, and Plaintiff is a member of the Classes.

39. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

   (a)   Whether Defendant's conduct violated the TCPA;

   (b)   Whether Defendant placed multiple calls within a 12-month period to Plaintiff and other consumers whose telephone numbers were registered with the DNC for at least 30 days of the time of each call;

   (c)   whether Defendant engaged in telemarketing without implementing adequate internal policies and procedures for maintaining an internal do not call list;

   (d)   whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

40. **Adequate Representation**: Plaintiff Vanlerberghe will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff Vanlerberghe has no interests antagonistic to those of the Classes, and the Defendant has no defenses unique to Plaintiff. Plaintiff Vanlerberghe and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff Vanlerberghe nor her counsel have any interest adverse to the Classes.

41. **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief

appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as wholes, not on facts or law applicable only to Plaintiff Vanlerberghe. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Vanlerberghe and the Do Not Call Registry Class)**

42. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

43. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered her or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

44. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

45. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated,

10

telephone solicitations to telephone subscribers such as Plaintiff Vanlerberghe and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

46. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff Vanlerberghe and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of the Defendant in violation of 47 C.F.R. § 64.1200, as described above.

47. As a result of Defendant's conduct as alleged herein, Plaintiff Vanlerberghe and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

48. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

**SECOND CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Vanlerberghe and the Internal Do Not Call Class)**

49. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

50. Under 47 C.F.R. § 64.1200(d):

No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

> (1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

(2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

(3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

51.     Defendant placed calls to Plaintiff and members of the Internal Do Not Call Class without implementing internal procedures for maintaining a list of persons who request not to be called by the entity and/or by implementing procedures that do not meet the minimum

requirements to allow Defendant to initiate telemarketing calls/text messages.

52. The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

53. Defendant has, therefore, violated 47 U.S.C. § 227(c)(5). As a result of Defendant's conduct, Plaintiff and the other members of the Internal Do Not Call Class are each entitled to up to $1,500 per violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Classes as defined above; appointing Plaintiff as the representative of the Classes; and appointing her attorneys as Class Counsel;

b) An award of money damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Vanlerberghe requests a jury trial.

Respectfully Submitted,

**JODI VANLERBERGHE**, individually and on behalf of all others similarly situated,

DATED this 11th day of July, 2023.

By: /s/ *C. Nicholas Curcio*
C. Nicholas Curcio
CURCIO LAW FIRM PLC
16905 Birchview Drive
Nunica, MI 49448
Telephone: (616) 430-2201
ncurcio@curciofirm.com

Avi R. Kaufman*
kaufman@kaufmanpa.com
KAUFMAN P.A.
237 S Dixie Hwy, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorney for Plaintiff and the putative Classes*

* *Pro Hac Vice* Admission to Be Sought