UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **JODI VANLERBERGHE,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**SIR HOME IMPROVEMENT INC.** a Michigan corporation,<br><br>*Defendant,* | Case No. 1:23-cv-00739-PLM-SJB |

## JOINT STATUS REPORT

A Rule 16 Scheduling Conference is scheduled for September 26, 2023, before Hon. Sally J. Berens, by telephone. Appearing for the parties as counsel will be:

For Plaintiff: Avi R. Kaufman

For Defendant: James R. Shinar (P42324)

1. <u>Jurisdiction</u>:

Jurisdiction exists under 28 U.S.C§ 1331as Plaintiff alleges a federal question related to the Telephone Consumer Protection Act, 47 U.S.C. § 227. The Court has personal jurisdiction and venue is proper since Defendant has its headquarters in this District and the alleged wrongful conduct giving rise to this case was directed from and into this District.

2. <u>Jury</u> Trial: This case is to be tried before a jury.

3. <u>Judicial Availability</u>: The parties do not agree to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and to order the entry of final judgment.

4. Statement of the Case:

   Plaintiff's Statement: This is a putative class action alleging violations of the TCPA, specifically alleging violations of the restrictions for calls to persons whose numbers are registered on the National Do Not Call registry and to persons who previously requested that they not be contacted.

   Defendant's Statement: Defendant denies any violation of the TCPA, or that Plaintiff has been damaged. Defendant has established and implemented with due care, reasonable practices, and procedures, to effectively prevent telephone solicitations.

5. Prospects of Settlement:

The parties agree to discuss settlement in good faith.

6. Pendent State Claims: This case does not include pendent state claims.

7. Joinder of Parties and Amendment of Pleadings: The parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by November 30, 2023.

8. Disclosures and Exchanges:

(a) FED. R. CIV. P. 26(a)(1) requires initial disclosures unless the Court orders otherwise. The parties propose the following schedule for Rule 26(a)(1) disclosures:  October 25, 2023.

(b) The plaintiff expects to be able to furnish the names of plaintiff's expert witness(es) by February 29, 2024. Defendant expects to be able to furnish the names of defendant's expert witness(es) by March 28, 2024.

(c) Reports, if required, should be exchanged according to the following schedule: Affirmative expert reports: April 2, 2024, and Rebuttal expert reports:  May 1, 2024

(d) The parties are unable to agree on voluntary production at this time.

9. Discovery: The parties believe that all discovery proceedings can be completed by May 21, 2024.

2

The parties do not believe that any changes should be made to the presumptive federal and local rules. The parties agree that there is no need for phased discovery. The parties also agree that discovery will be needed regarding the claims and defenses in the action, including call logs and other discovery related to the class.

10. <u>Disclosure or Discovery of Electronically Stored Information:</u> The parties have discussed the production of electronically stored information and agree to produce it in a form or forms in which it is ordinarily maintained.

11. <u>Assertion of Claims of Privilege or Work−Product Immunity After Production:</u>

The parties agree to abide by the Federal Rules of Civil Procedure, the local rules, and all relevant authority regarding inadvertently produced privileged or immunized information.

12. <u>Motions:</u> The parties acknowledge that W.D. Mich. LCivR 7.1(d) requires the moving party to ascertain whether the motion will be opposed, and in the case of all nondispositive motions, counsel or pro se parties involved in the dispute shall confer in a good−faith effort to resolve the dispute. In addition, all nondispositive motions shall be accompanied by a separately filed certificate.

The following dispositive motions are contemplated by each party:

Plaintiff anticipates filing a motion for class certification and may file a motion for summary judgment.

Defendant anticipates filing a Motion for Summary Judgment.

The parties anticipate that all dispositive motions and motion for class certification will be filed by July 5, 2024.

13. <u>Alternative Dispute Resolution:</u> In the interest of conserving judicial resources, the parties acknowledge that the Court will require the parties to participate in some form of Alternative Dispute Resolution.

Plaintiff believes that discovery regarding class related matters, including call records are necessary for effective mediation.

The parties recommend that this case be submitted to voluntary facilitative mediation. The parties anticipate conducting alternative dispute resolution no later than June 25, 2024.

    14. <u>Length of Trial:</u> Counsel estimate the trial will last approximately 4 days total, allocated as follows: 2 days for plaintiff's case, 2 days for defendant's case.

    15. <u>Electronic Document Filing System:</u> Counsel are reminded that Local Civil Rule 5.7(a) requires attorneys to file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule. The Court expects all counsel to abide by the requirements of this rule. Pro se parties (litigants representing themselves without the assistance of a lawyer) must submit their documents to the Clerk on paper, in a form complying with the requirements of the local rules. Counsel opposing a pro se party must file documents electronically but serve prose parties with paper documents in the traditional manner.

    16. <u>Other:</u>

As this is a putative class action and the parties anticipate that fact discovery will be required from third parties and expert discovery needed prior to class certification, the parties anticipate requiring an extended discovery schedule and adequate time between determination of class certification and trial.

DATED this 20th day of September, 2023. Respectfully Submitted,

                                              <u>By: /s/ *Avi R. Kaufman*</u>
                                              Avi R. Kaufman
                                              kaufman@kaufmanpa.com
                                              KAUFMAN P.A.
                                              237 S Dixie Hwy, Floor 4
                                              Coral Gables, FL 33133
                                              Telephone: (305) 469-5881

                                              Nick Curcio
                                              CURCIO FIRM

16905 Birchview Drive
Nunica, MI 49448
Telephone: (616) 430-2201
ncurcio@curciofirm.com

*Attorneys for Plaintiff and the putative Classes*

By: /s/ *James R. Shinar*
James R. Shinar
Shinar Law, PLC
8051 Moorsbridge Rd.
Portage, MI 49024
(269) 329-4625
jim@shinarlaw.com

*Attorneys for Defendant*

5